UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORDAN CHARACO, individually
and on behalf of all others similarly situated,

Plaintiff,                                            Case No.: 6:20-CV-01168-RBD-DCI

v.

PHOENIX FINANCIAL SERVICES LLC and
PENDRICK CAPITAL PARTNERS II, LLC.,

Defendant.

_____/

## DEFENDANTS' JOINT MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendants, Phoenix Financial Services, LLC (Phoenix) and Pendrick Capital

Partners II, LLC (PCP), through counsel and under Federal Rule of Civil Procedure

12(b)(6), move to dismiss the first amended complaint filed by plaintiff, Jordan Characo,

and state:

## I.      INTRODUCTION

Plaintiff alleges Phoenix violated the Fair Debt Collection Practices Act (FDCPA),

15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA),

Fla. Stat. § 559.72, *et seq.*  Plaintiff's claims are based upon a single letter Phoenix sent

to plaintiff regarding a debt owed to Pendrick, formerly owed to Emergency Physician

Center of Florida (Emergency Physician).  Specifically, plaintiff claims she did not owe

money to Pendrick simply because she had never entered a transaction with Pendrick directly.  Doc. 7 at ¶¶ 35-116.  Plaintiff's claims are baseless and fail as a matter of law.

As a preliminary matter, plaintiff did not "suffer[] an injury in fact when [she] received [the] allegedly misleading communications that did not mislead [her]. [Therefore, she] lack[s] Article III standing, . . . [so the court must] dismiss" her claims. *Trichell v. Midland Credit Mgt., Inc.*, 2020 WL 3634917, at *9 (11th Cir. July 6, 2020).

Regardless, plaintiff is wrong on the merits as well.  Plaintiff claims she does not owe the debt solely because she does not recognize Pendrick – the current owner of her debt.   When "examining whether [a] Letter violate[s] the FDCPA" the court must evaluate the letter "*read as a whole.*"   *Nunez v. Mercantile Adjustment Bureau, LLC*, 2020 WL 2475619, at *6 (E.D.N.Y. May 13, 2020) (emphasis in original).  And, when doing so here, it is clear Pendrick is the purchaser of the account from Emergency Physician.  Plaintiff does not allege she did not incur a debt to Emergency Physician.

## II.    BACKGROUND

On August 8, 2019, Phoenix sent plaintiff a letter regarding her debt owed to Pendrick.  *See* Doc. 1-1.  In relevant part, the letter stated:



| Acct # | Original Acct# | Original Creditor | Balance | Date of Medical Service(s) |
|---|---|---|---|---|
| ▮6639 | -▮0707 | EMERG PHYS CENT FLORIDA | $761.00 | 07/07/16 |

YOU CAN MAKE A PAYMENT ONLINE:  Please scan the QR code with your smart device to access our online payment portal or go to www.phoenixfinancialsvcs.com and click on "Pay Online".

Dear JORDAN CHARACO,

The account(s) listed above were purchased by PENDRICK CAPITAL PARTNERS II  LLC. (Pendrick CP). Pendrick CP is the current creditor and they have placed the account(s) with Phoenix Financial Services LLC for collection.

On July 6, 2020, plaintiff filed an amended complaint alleging the letter violated

the FDCPA and FCCPA because she "did not owe any money at all to" Pendrick because she was "never involved in any transactions with" Pendrick.   Doc. 7 at ¶¶ 35-116. Plaintiff does not allege any conduct by Pendrick, nor does plaintiff make clear whether she is seeking to hold Pendrick directly or vicariously liable under the FDCPA.[1]   *Id.* Phoenix and Pendrick hereby moves to dismiss plaintiff's claims on several grounds.

### III.    ARGUMENT AND AUTHORITIES

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

"While the Court must accept well-pleaded facts as true, it need not assume the truth of conclusory allegations, nor are parties entitled to have a court view unwarranted

---

[1] Should the Court deny this motion or grant plaintiff leave to amend, Pendrick denies it is a debt collector subject to the FDCPA.

deductions of fact or argumentative inferences in their favor." *Garcia v. Rinehart*, 2020 WL 4043608, at \*2 (S.D. Fla. July 17, 2020). "A court may also properly consider documents attached to the complaint, answer, or motion." *Id.* And "when [these documents] contradict the general and conclusory allegations of the pleading, the [documents] govern." *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

## A.    *Plaintiff Lacks Article III Standing*.

"Before reaching the merits, [the court] must consider [its] own jurisdiction. . . [i]n particular . . . whether the plaintiff[] . . . [has] Article III standing." *Trichell*, 2020 WL 3634917, at \*2. "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it." *Id.* at \*3. Plaintiff "bears the burden of establishing these elements." *Id.* In other words, for a plaintiff to "get in the courthouse [plaintiff has] to first show that [she was] specifically hurt in a tangible manner. If [she] can't, then the 'no harm, no foul' rule says [plaintiff doesn't] have a suit at all." *Daniels v. Aldridge Pite Haan, LLP*, 5:20-CV-00089-TES, 2020 WL 3866649, at \*1 (M.D. Ga. July 8, 2020).

"The 'foremost' standing requirement is injury in fact. An injury in fact consists of 'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' A 'concrete' injury must be '*de facto*'—that is, it must be 'real, and not abstract.' A 'particularized' injury 'must affect the plaintiff in a personal and individual way.' Each subsidiary element of injury—a

legally protected interest, concreteness, particularization, and imminence—must be satisfied. These cases turn most centrally on the requirement of concreteness." *Trichell*, 2020 WL 3634917, at *3 (internal citations omitted). A concrete injury falls into 1 of 2 categories: tangible or intangible injuries.[2] *Id.* "Intangible injuries sometimes qualify as concrete, but not always." *Id.* "To determine whether an intangible injury is sufficiently concrete, [the court] must look to both history and the judgment of Congress." *Id.*

In *Trichell*, like here, plaintiff filed a FDCPA lawsuit alleging a misleading time-barred debt disclosure. *Id.* at *1. The 11th Circuit concluded plaintiffs did not "suffer[] an injury in fact when they received [the] allegedly misleading" communication so "they lack Article III standing" and the case must be dismissed. *Id.* at *9. Specifically, the 11th Circuit explained American legal history "cuts against Article III standing" because plaintiffs' claims "depart dramatically from [] centuries of tradition." *Id.* at *4. Plaintiffs sought to recover "without proving even that they relied on [the misleading] representations" or "that the reliance caused [] any damages." *Id.* at *4.

The 11th Circuit also explained "the judgment of Congress disfavors" standing because "[t]he serious harms [Congress identified in the FDCPA] are a far cry from whatever injury one may suffer from receiving in the mail a misleading communication that fails to mislead."[3] *Id.* at *5. "The FDCPA's private cause of action reinforce[d] this

---

[2] Here, like in *Trichell*, plaintiff "does not allege that the collection letter[] caused . . . any tangible injury" because plaintiff does not allege "the he made any payments in response to the [] letter[]–or even that he wasted time or money in determining whether to do so." *Trichell*, 2020 WL 3634917, at *3.

[3] "The FDCPA's statutory findings contain one sentence identifying the harm against which the status is directed: ' Abusive debt collection practices contribute to [a] number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.'"
*Trichell*, 2020 WL 3634917, at *5.

analysis" because its "formulation suggests that Congress viewed statutory damages not as an independent font of standing for plaintiffs without traditional injuries, but as an 'additional' remedy for plaintiffs suffering 'actual damages' caused by a statutory violation." *Id.*

Although *Trichell* is a relatively new opinion, the district courts and the 11th Circuit have acted swiftly in applying it. In *Daniels v. Aldridge Pite Haan, LLP*, the court dismissed an FDCPA lawsuit alleging misleading conduct related to a false certificate of service in a state court lawsuit. 5:20-CV-00089-TES, 2020 WL 3866649, at *1 (M.D. Ga. July 8, 2020). In *Daniels*, the plaintiff's complaint contained "only generic references to harm and expenses suffered because of these alleged violations" without providing "any details regarding what effect, if any, these issues with the [certificate of service] had on her state court case." *Id*. at *2. The court concluded plaintiff's case was "another FDCPA case of 'no harm, no foul'" and dismissed for lack of standing. *Id.*

Most recently, in *Erica Cooper v. Atlantic Credit & Finance, Inc*., the 11th Circuit again "vacate[d] and remand[ed] for the district court to dismiss the case . . . for lack of subject matter jurisdiction" in an FDCPA case alleging a collection letter overshadowed the g-notice. 2020 WL 4332410, at *1 (11th Cir. July 28, 2020). In *Cooper*, "the essence of [plaintiff's] injury" was the debt collector "left her 'confused about her statutory rights to dispute the debt and seek validation, as well as whether she has the full 30 days to dispute the debt and demand verification." *Id*. at *3. In concluding plaintiff's "alleged injuries are just as inchoate, if not more so" than those in *Trichell*, the court emphasized that plaintiff "simply does not say she was affected in any meaningful way by the letter."

*Id*. at *3-4.[4]   The court concluded plaintiff did not "allege that she suffered any harm

beyond the alleged statutory violations" because she "talks only of her confusion without

any possible financial or legal consequences."  *Id*. at *3.

Here, like in *Trichell*, *Daniels*, and *Cooper* plaintiff does nothing more than make

a "generic reference to harm" by claiming she was "depriv[ed] of [her] rights.  *Daniels*,

2020 WL 3866649, at *2; Doc. 1.  She does not allege she relied on the alleged

misrepresentations and she does not allege any specific injury she suffered.  *See Trichell*,

2020 WL 3634917, at *3 (listing these failures as reasons plaintiff did not establish

Article III standing).  As the *Daniels* court put it, this is yet "another FDCPA case of 'no

harm, no foul.'"  *Daniels*, 2020 WL 3866649, at *2.  Therefore, plaintiff's allegations are

insufficient to establish an injury in fact and, as the 11th Circuit did in *Trichell*, this

lawsuit must be dismissed for lack of standing.

**B.**      ***Plaintiff's 1692g Claim for Failure to State the Amount of the Debt and Name
of the Creditor Fails as a Matter of Law***.

Under the FDCPA, within 5 days of the initial communication with a consumer in

connection with the collection of any debt, a debt collector shall:

send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of
the notice, disputes the validity of the debt, or any portion thereof, the debt

---

[4] For example, plaintiff did not allege that "without the purportedly confusing language . . . she would
have disputed the debt or sought validation of the debt within the thirty-day validation period, that she
had any doubt regarding the validity of the debt, or that she would have accepted one of the payment
options."  2020 WL 4332410, at *3.

will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor if different from the current creditor.

15 U.S.C. § 1692g(a).  This is commonly referred to as the g-notice.

When "examining [] [a] Letter[] . . . 'the court must determine whether the letter, *when read as a whole*," violates § 1692g.  *Nunez*, 2020 WL 2475619, at *6 (emphasis in original); *see also Maximiliano v. Simm Associates, Inc.*, 2018 WL 783104, at *5 (S.D. Fla. Feb. 8, 2018) ("When read as a whole, the demand letter clearly" did not violate 1692g.); *Howard v. Client Services, Inc.*, 2018 WL 10345280, at *6 (S.D. Fla. Aug. 21, 2018) ("Thus, when read as a whole, no reasonable jury could conclude that the Letter" violated 1692g.); *Rosen v. LJ Ross Associates, Inc.*, 2020 WL 1332145, at *6 (E.D.N.Y. Mar. 23, 2020) ("But reading the letter as a whole, it is clear" overshadowing did not occur.).  If, after examining the collection letter as a whole, the court finds it "contradict[s] the general and conclusory allegations of the [complaint], the [collection letter] govern[s]." *Griffin Industries,* 496 F.3d at 1206.

Here, plaintiff alleges Phoenix and Pendrick violated § 1692g by failing to correctly identify the amount of the debt and the name of the creditor to whom the debt is owed.  She reaches this conclusion through a series of misleading and facially false

allegations while ignoring critical portions of Phoenix's letter.[5]   Doc. 7 at ¶¶ 35-116.

Specifically, plaintiff conveniently ignores any reference to Emergency Physician (or the

medical services she received from Emergency Physician) never claiming she did not

receive medical services from Emergency Physician, as well as the portion of Phoenix's

letter advising her Emergency Physician is the "original creditor."  Doc. 1-1.  Thus, when

Phoenix's letter is read as a whole, it is clear plaintiff owes a debt to Pendrick — a

medical debt originally owed to Emergency Physician — and Phoenix correctly

identified the amount of the debt and creditor.  And, critically, plaintiff does not allege

she did not incur a debt to Emergency Physician.

**C.**      _**Plaintiff's Section 1692e Claim Also Fails as a Matter of Law**_.

Section 1692e prohibits "false, deceptive or misleading representation or means in

connection with the collection of any debt."  Clearly, plaintiff's Section 1692e claims are

based on the same underlying conduct as plaintiff's Section 1692g claim related to the

amount of the debt and identity of the creditor—and because the Section 1692g claim

fails, the Section 1692e claim also fails as a matter of law.  _See, e.g._, _Olsen v. Cavalry_

_Portfolio Services, LLC_, 2016 WL 4248009, at *2 (M.D. Fla. Aug. 11, 2016) (finding

plaintiff failed to state a claim under Section 1692f where plaintiff alleged the same

underlying facts as a dismissed Section 1692e claim); _Miljkovic v. Shafritz and Dinkin,_

_P.A._, 2014 WL 3587550, at *9 (M.D. Fla. July 18, 2014), _aff'd on other grounds_, 791

---

[5] Specifically, she alleges she does not owe a debt to Pendrick because Pendrick "never offered to extend credit to" her, Pendrick "never extended credit to" her, she "was never involved in any transaction with" Pendrick, she "never entered into any contract with" Pendrick, she "never did any business with" Pendrick, and she "was never indebted to" Pendrick.  Doc. 7 at ¶¶ 70-116.

F.3d 1291 (11th Cir. 2015) ("§ 1692f claim still depends on the misconduct charged under § 1692e and 1692e(10) and is therefore insufficient to state a separate claim.").

**D.**     *Plaintiff's FCCPA Claim Fails as a Matter of Law*.

Plaintiff's sole claim under the FCCPA is brought under §559.72(9).  To state a claim under §559.72(9), plaintiff must establish Phoenix and Pendrick was attempting to enforce "*a legal right that did not exist* and that [they] had ***actual*** knowledge that the right did not exist." *Reed v. MFP, Inc.*, 85 So. 3d 1151, 1155, (Fla. 2d Dist. App. 2012) (emphasis added); *see also McKernan v. Diversified Consultants, Inc.*, 2015 WL 12426148, at *4 (M.D. Fla. July 2, 2015) ("Simply pleading that the defendant had knowledge is not enough to establish a claim.  When claiming that a defendant 'knows' that a debt is not legitimate, the plaintiff must prove that the defendant had "actual knowledge of the impropriety or overreach of a claim.'");  *Munch v. Credit Protection Ass'n*, 2015 WL 1243201, at *3 (M.D. Fla. Mar. 18, 2015); *Coursen v. JP Morgan Chase & Co.*, 2012 WL 3055857, at *5 (M.D. Fla. July 25, 2012); *Jones v. TT of Longwood, Inc.*, 2006 WL 2789140, *5 (M.D. Fla. September 26, 2006).  Here, plaintiff fails to plead any facts to suggest Phoenix and Pendrick had any reason to believe, much less actual knowledge, plaintiff did not owe the debt at issue.  And, as stated above, plaintiff fails to sufficiently plead even that she does not actually owe the debt at issue.

For these reasons, plaintiff's claims fail, and plaintiff's complaint must be dismissed with prejudice.

## IV.     CONCLUSION

WHEREFORE, Defendants, Phoenix Financial Services, LLC and Pendrick

Capital Partners II, LLC, respectfully request this Court dismiss with prejudice the claims

asserted by plaintiff, and for such other relief as this Court deems proper.

Date:  August 26, 2020

Respectfully submitted,

*/s/ Michael P. Schuette*
Michael P. Schuette, Esq.
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone:    (813) 890-2472
Facsimile:     (877) 334-0661
mschuette@sessions.legal
dvanhoose@sessions.legal
*Counsel for Defendants,*
*Phoenix Financial Services, LLC and Pendrick*
*Capital Partners II, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of August 2020 a copy of the foregoing

was filed electronically in the ECF system.  Notice of this filing will be sent to the parties

of record by operation of the Court's electronic filing system, including plaintiff's

counsel as described below.  Parties may access this filing through the Court's system.

Craig B. Sanders, Esq.
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
csanders@barshaysanders.com

*/s/ Michael P. Schuette*
Attorney

11